GARY M. RESTAINO
United States Attorney
District of Arizona

KWAN PIENSOOK
Arizona State Bar No. 030743
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Facsimile:  (602) 514-7693
Email: Kwan.Piensook@usdoj.gov

*Attorney for Defendant EEOC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mally Gage,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Equal Employment Opportunity Commission,<br><br>　　　　Defendant. | Case No.: 2:22-CV-01609-SMB<br><br>**DEFENDANT'S MOTION VACATE SCHEDULING ORDER AND REQUEST FOR PLACEMENT ON EXPEDIATED TRACK** |

　　　　Defendant Equal Employment Opportunity Commission ("EEOC") moves to vacate the Court's Order setting a Rule 16 Scheduling Conference for November 28, 2022 (Doc. 16) and requests that the case be assigned to the Expediate Track pursuant to LRCiv 16.2(b)(1)(A)(i).  This Motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

　　　　Plaintiff filed a Complaint pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  (Doc. 1).  In her Complaint, Plaintiff seeks the disclosure of documents related the discrimination complaint she presented to the EEOC and documents related to the "EEOC['s] handling of religious complaints in general." (Doc. 1, p. 1).  Defendant withheld documents pursuant to several exemptions under FOIA and also informed Plaintiff that several of her requests were directed to the Office of Legal Counsel FOIA

Division for further processing. (Doc. 1-2, pp. 12-18). Plaintiff appealed. (Doc. 1-2, pp. 20-24). Defendant affirmed its initial determination. Plaintiff now seeks *de novo* review of Defendant's decision to withhold these documents.

## I.    LRCiv 16.2 – Differentiated Case Management

Local Rule 16.2(b)(1)(A)(i) provides that "[u]nless otherwise ordered by the assigned District Judge[,]" FOIA actions must be assigned to the Expedited Track. "Cases are assigned to this track based on nature of suit, and are those that usually are resolved on pleadings." LRCiv. 16.2(b)(1)(A)(i). Under LRCiv 16.2(b)(1)(B), the Court may set the deadlines for the case management of the action without holding a scheduling conference.

Here, it is undisputed that the instant action is brought pursuant to FOIA. As such, Defendants request that this action be placed on the Expedited Track.

## II.    Discovery Is Not Necessary in this FOIA Action

Because the underlying dispute revolves around the propriety of revealing certain documents, discovery is not typically a part of FOIA cases. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (citing *Weiner v. FBI*, 943 F.2d 972, 977 (9th Cir. 1191); *Broaddrick v. Exec. Office of the President*, 139 F.Supp.2d 55, 63 (D.D.C.2001)). "As a general rule, all FOIA determinations should be resolved on summary judgment." *Lawyers' Comm. for Civil Rights of San Francisco Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) (citing *Nat'l Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114 (9th Cir. 1988)). On motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA. *Hardy v. U.S. Dep't of Defense*, 2001 WL 34354945 (D. Ariz. Aug. 27, 2001) (citing *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)).

There are exceptions to the general rule precluding discovery in FOIA cases. Discovery may be appropriate if a plaintiff can demonstrate that the affidavits used to support the defendant-agency's motion for summary judgment was submitted in bad faith. *Withey v. Fed. Bureau of Investigation*, No. C18-1635-JCC, 2020 WL 885974, at *2 (W.D.

Wash. Feb. 24, 2020) ("Although discovery is generally unavailable in FOIA cases, courts sometimes permit discovery if an agency does not adequately explain its search process or if the agency submits a declaration in bad faith."); *Lion Raisins, Inc. v. U.S. Dep't of Agric.*, No. 108CV00358OWWSMS, 2009 WL 160283, at *2 (E.D. Cal. Jan. 21, 2009) (recognizing that discovery may be appropriate if a plaintiff presents a sufficient showing that the defendant-agency submitted affidavits in bad faith).

"Because government misconduct is easy to allege and hard to disprove, [ ] courts must insist on a meaningful evidentiary showing. [A] mere assertion of bad faith is not sufficient to overcome a motion for summary judgment. Before rejecting the agency's affidavits, [t]here must be tangible evidence of bad faith." *Yagman v. Brennan*, No. CV 14-8033 PSG (EX), 2020 WL 4341592, at *12 (C.D. Cal. June 9, 2020) (citation and internal quotation marks omitted) (alterations in original). Further, "[a]gency affidavits are accorded a presumption of good faith." *Beech v. Comm'r*, 190 F. Supp. 2d 1183, 1187 (D. Ariz. 2001), aff'd, 37 F. App'x 324 (9th Cir. 2002) (citation and internal quotation marks omitted).

Accordingly, at this stage, discovery is not appropriate. EEOC has not yet filed its motion for summary judgment and until that time, any request for discovery is premature. *See Lion Raisins, Inc. v. U.S. Dep't of Agric.*, 2009 WL 160283, at *3 ("Without the [defendant-agency's] position and evidence on substantive matters pertinent to disposition of this case (e.g., the extent of its search for responsive records), there is not enough information to conclusively determine, at this time, whether or to what extent discovery should be permitted, or whether this case or particular issues can be properly decided without discovery.").

### III. Conclusion

Based on the foregoing, Defendant respectfully requests that the Court vacate its order setting a Rule 16 Scheduling Conference for November 28, 2022 and assign this case to the Expedited Track.

Respectfully submitted this 18th of November, 2022

>GARY M. RESTAINO
>United States Attorney
>District of Arizona
>
>*s/Kwan Piensook*
>KWAN PIENSOOK
>Assistant U.S. Attorney
>*Attorneys for Defendant EEOC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and mailed a copy by U.S. Mail of the same to the following individual, who is not registered in the CM/ECF System:

Mally Gage
4110 W. Eva Street
Phoenix, AZ, 85051
Tel: (520) 979-4566
mallygage@gmail.com

*s/Stephanie Ludwig*
United States Attorney's Office