GARY M. RESTAINO
United States Attorney
District of Arizona

KWAN PIENSOOK
Arizona State Bar No. 030743
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Facsimile: (602) 514-7693
Email: Kwan.Piensook@usdoj.gov
*Attorney for Defendant EEOC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Mally Gage,

Plaintiff,

v.

Equal Employment Opportunity Commission,

Defendant.

Case No.: 2:22-CV-01609-SMB

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR HEARING TO ESTABLISH RULES ON UNDISCLOSED EVIDENCE**

Defendant Equal Employment Opportunity Commission ("EEOC") responds in opposition to Plaintiff's Request for Hearing to Establish Rules on Undisclosed Evidence. Plaintiff's request for a hearing should be denied as premature because, at this stage, Plaintiff cannot demonstrate that discovery is necessary. This Response is supported by the following Memorandum of Points and Authorities and the Court's entire record in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Procedural History

Plaintiff filed a Complaint pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 on September 22, 2022. (Doc. 1). Defendant filed its Amended Answer on October 24, 2022. (Doc. 14). In response to the Court's Order Setting Rule 16 Case Management Conference (Doc. 16), Defendant filed a Motion to Vacate Scheduling

Order and Request for Placement on Expediate Track (Doc. 17). The Court granted the Motion and ordered that the dispositive motion deadline for March 22, 2023.

**II. Legal Analysis**

Here, Plaintiff requests a hearing from the Court regarding whether "no evidence will be allowed to be discovered" and whether "one party's word [will] be favored in these evidentiary matters." (Doc. 20, 2:1-10). As discussed below, Plaintiff's characterization of the procedural posture of the case is incorrect.

Because the underlying dispute revolves around the propriety of revealing certain documents, discovery is not typically a part of FOIA cases. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (citing *Weiner v. FBI*, 943 F.2d 972, 977 (9th Cir. 1191); *Broaddrick v. Exec. Office of the President*, 139 F.Supp.2d 55, 63 (D.D.C.2001)). "As a general rule, all FOIA determinations should be resolved on summary judgment." *Lawyers' Comm. for Civil Rights of San Francisco Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) (citing *Nat'l Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114 (9th Cir. 1988)). On motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA. *Hardy v. U.S. Dep't of Defense*, 2001 WL 34354945 (D. Ariz. Aug. 27, 2001) (citing *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)).

There are exceptions to the general rule precluding discovery in FOIA cases. Discovery may be appropriate if a plaintiff can demonstrate that the affidavits used to support the defendant-agency's motion for summary judgment was submitted in bad faith. *Withey v. Fed. Bureau of Investigation*, No. C18-1635-JCC, 2020 WL 885974, at *2 (W.D. Wash. Feb. 24, 2020) ("Although discovery is generally unavailable in FOIA cases, courts sometimes permit discovery if an agency does not adequately explain its search process or if the agency submits a declaration in bad faith."); *Lion Raisins, Inc. v. U.S. Dep't of Agric.*, No. 108CV00358OWWSMS, 2009 WL 160283, at *2 (E.D. Cal. Jan. 21, 2009)

(recognizing that discovery may be appropriate if a plaintiff presents a sufficient showing that the defendant-agency submitted affidavits in bad faith).

"Because government misconduct is easy to allege and hard to disprove, [ ] courts must insist on a meaningful evidentiary showing. [A] mere assertion of bad faith is not sufficient to overcome a motion for summary judgment. Before rejecting the agency's affidavits, [t]here must be tangible evidence of bad faith." *Yagman v. Brennan*, No. CV 14-8033 PSG (EX), 2020 WL 4341592, at *12 (C.D. Cal. June 9, 2020) (citation and internal quotation marks omitted) (alterations in original). Further, "[a]gency affidavits are accorded a presumption of good faith." *Beech v. Comm'r*, 190 F. Supp. 2d 1183, 1187 (D. Ariz. 2001), aff'd, 37 F. App'x 324 (9th Cir. 2002) (citation and internal quotation marks omitted).

Accordingly, at this stage, discovery is not appropriate. Defendant has not yet filed its motion for summary judgment and until that time, any request for discovery is premature. *See Lion Raisins, Inc. v. U.S. Dep't of Agric.*, 2009 WL 160283, at *3 ("Without the [defendant-agency's] position and evidence on substantive matters pertinent to disposition of this case (e.g., the extent of its search for responsive records), there is not enough information to conclusively determine, at this time, whether or to what extent discovery should be permitted, or whether this case or particular issues can be properly decided without discovery."). Without waiving any objections to Plaintiff's potential future motions for discovery, the appropriate time for Plaintiff to move the Court for discovery is after Defendant has filed its Motion for Summary Judgment. At that time, the Court would have the necessary information to determine "whether or to what extent discovery should be permitted." *See id.*

/ / /

/ / /

**III. Conclusion**

Based on the foregoing, Defendant respectfully requests that the Court deny Plaintiff's Request for Hearing to Establish Rules on Undisclosed Evidence.

Respectfully submitted this 7th day of December, 2022

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Kwan Piensook*
KWAN PIENSOOK
Assistant U.S. Attorney
*Attorneys for Defendant EEOC*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and mailed a copy by U.S. Mail of the same to the following individual, who is not registered in the CM/ECF System:

Mally Gage
4110 W. Eva Street
Phoenix, AZ, 85051
Tel: (520) 979~4566
mallygage@gmail.com

*s/Stephanie Ludwig*
United States Attorney's Office