GARY M. RESTAINO
United States Attorney
District of Arizona
BROCK HEATHCOTTE
Assistant U.S. Attorney
Arizona State Bar No. 014466
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Fax: (602) 514-7693
Email: Brock.Heathcotte@usdoj.gov
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mally Gage, | Case No.: 2:22-CV-01609-SMB |
| Plaintiff, | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| Equal Employment Opportunity Commission, | |
| Defendant. | |

Defendant Equal Employment Opportunity Commission (EEOC or Commission) hereby asks the Court to grant judgment in its favor and dismiss this lawsuit because it has complied with all of its legal duties with respect to the Freedom of Information Act (FOIA) requests submitted by Plaintiff.

Plaintiff filed a Complaint pursuant to FOIA, 5 U.S.C. § 552. Doc. 1.  In her Complaint, Plaintiff seeks the disclosure of documents related to the discrimination complaint she presented to the EEOC and documents related to the "EEOC['s] handling of religious complaints in general." Doc. 1 at 1. Defendant initially withheld documents pursuant to several exemptions under FOIA, primarily because Plaintiff's charge file against her employer was still open at the time of her FOIA request. Plaintiff sought *de novo* review from this Court of Defendant's decision to withhold those documents. During the pendency of this litigation, the charge file was closed, Plaintiff submitted a second FOIA request, and the charge file was disclosed to her subject to a couple minor exemptions.  Consequently, most of Plaintiff's Complaint is now moot.  Defendant is also

entitled to judgment on those parts of her Complaint that are not moot.

## I.   LEGAL STANDARDS APPLICABLE TO THIS CASE

### A.  Summary Judgment Standard

A party moving for summary judgment is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing of an essential element of the case to which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), cert. denied, 484 U.S. 1066 (1988). In resisting a motion for summary judgment, the nonmoving party may not rely upon mere allegations, or denials, contained in its pleadings or briefs. Rather, the party must come forward with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230 (10th Cir.1990). One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex*, at 323–24.

### B.  FOIA Response Standard

"As a general rule, all FOIA determinations should be resolved on summary judgment." *Lawyers' Comm. for Civil Rights of San Francisco Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) (citing *Nat'l Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114 (9th Cir. 1988)). On motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA. *Hardy v. U.S. Dep't of Defense*, 2001 WL 34354945 (D. Ariz. Aug. 27, 2001) (citing *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)).

There are exceptions to the general rule precluding discovery in FOIA cases. Discovery may be appropriate if a plaintiff can demonstrate that the affidavits used to support the defendant-agency's motion for summary judgment was submitted in bad faith. *Withey v. Fed. Bureau of Investigation*, No. C18-1635-JCC, 2020 WL 885974, at *2 (W.D. Wash. Feb. 24, 2020) ("Although discovery is generally unavailable in FOIA cases, courts sometimes permit discovery if an agency does not adequately explain its search process or

if the agency submits a declaration in bad faith."); *Lion Raisins, Inc. v. U.S. Dep't of Agric.*, No. 108CV00358OWWSMS, 2009 WL 160283, at *2 (E.D. Cal. Jan. 21, 2009) (recognizing that discovery may be appropriate if a plaintiff presents a sufficient showing that the defendant-agency submitted affidavits in bad faith).

"Because government misconduct is easy to allege and hard to disprove, [ ] courts must insist on a meaningful evidentiary showing. [A] mere assertion of bad faith is not sufficient to overcome a motion for summary judgment. Before rejecting the agency's affidavits, [t]here must be tangible evidence of bad faith." *Yagman v. Brennan*, No. CV 14-8033 PSG (EX), 2020 WL 4341592, at *12 (C.D. Cal. June 9, 2020) (citation and internal quotation marks omitted) (alterations in original). Further, "[a]gency affidavits are accorded a presumption of good faith." *Beech v. Comm'r*, 190 F. Supp. 2d 1183, 1187 (D. Ariz. 2001), aff'd, 37 F. App'x 324 (9th Cir. 2002) (citation and internal quotation marks omitted).

### C. Applicable FOIA Exemptions

Several FOIA exemptions are applicable to the FOIA requests submitted by Plaintiff. Of primary importance is the fact that when Plaintiff's FOIA request was sent, her charge file was still open. The FOIA request was sent on August 8, 2022, but the charge file was not closed until September 28, 2022. See, Doc. 1-2 at 2-4; Exh. C. Indeed, this FOIA lawsuit was even filed on September 22, 2022, a week before the charge file was closed. Consequently, the EEOC could not disclose the charge file and identified exemption (b)(7)(a) as the legal basis for nondisclosure.

Exemption (b)(7)(a)[1] states, "This section does not apply to matters that are records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings."

The EEOC further cited several court holdings restricting its ability to disclose

---

[1] 5 U.S.C. §552(b)(7)(a).

- 3 -

records pertaining to open investigations.

> The seventh exemption applies to civil and criminal investigations conducted by regulatory agencies. *General Electric Co. v. United States EPA*, 18 F.Supp.2d 138, 143 (D. Mass. 1998). Premature disclosure of records compiled during an agency investigation will allow requester to know the possible nature, scope, direction, and limits of the investigation. *J.P. Stevens & Co. v. Perry*, 710 F. 2d 136, 143 (4th Cir. 1983); *Hambarian v. Commissioner of IRS*, No. CV 99-9000, 2000 WL 637347 (C.D. Cal. Feb. 16, 2000). Release of statements by witnesses creates the potential for witness intimidation that could deter their cooperation. *National Labor Relations Board v. Robbins Tire and Rubber Co.*, 437 U.S. 214, 239 (1978); *Manna v. United States Dep't of Justice*, 51 F.3d 1158, 1164 (3d Cir. 1995). Exemption 7(A) applies "until ... all reasonably foreseeable administrative and judicial proceedings are concluded," *Service Employees Int. Union, AFL-CIO v. GSA*, No. 97 Civ. 8509, 1998 WL 726000 (S.D.N.Y. Oct. 15, 1998); *Southern Baptist Hospital v. Equal Employment Opportunity Comm'n*, 28 Empl. Prac. Dec. ~J 32,585 at 24,642, 1982 WL 209 (E.D. La. 1982).

Doc. 1-2 at 17.

## II. FACTS

1. On August 9, 2022, Plaintiff Mally Gage submitted a FOIA request which contained nine items. Doc. 1-2 at pp. 2-4. Items 2-4 and 6-9, seeking charge file information, were assigned FOIA Request No. 540-2022-011824 and was processed by the EEOC's Phoenix District Office (PDO). Items 1 and 5 were assigned FOIA Request No. 820-2022-011833 and were processed by the FOIA Division in EEOC's Office of Legal Counsel in Washington, DC. Exh. A, Declaration of Michael L. Heise, at ¶ 4.

2. On August 10, 2022, the PDO issued a determination letter regarding FOIA request 540-2022-011824. Doc. 1-2 at pp. 6-11.[2] This request was denied pursuant to FOIA exemptions (b)(3)(A)(i) and (b)(7)(c).[3] Exh. A, at ¶ 5.

---

[2] This letter was minimally revised on August 11, 2022. Doc. 1-2 at pp. 13-18.

[3] All references to exemptions are subsections of 5 U.S.C. § 522(b).

- 4 -

3. On August 16, 2022, Plaintiff appealed the determination of FOIA request 540-2022-011824. Doc. 1-2 at pp. 20-24. Her appeal was assigned FOIA Appeal No. 820-2022-000154A. On September 14, 2022, the Office of Legal Counsel's FOIA Division affirmed the determination of the PDO for the following reasons. Exh. A, at ¶ 6; Exh. B, Appeal determination letter, September 14, 2022.

    a. Items 2, 3, 4a, 6, and 9 were denied pursuant to FOIA exemption (b)(7)(A) as explained in the September 14, 2022 appeal letter. Exh. B.

    b. Item 4 was denied because Plaintiff did not properly formulate a request for records but to the extent that she was seeking a document from her open charge file, the request was denied pursuant to Exemption (b)(7)(A) as explained in the September 14, 2022 appeal letter. Id.

    c. Items 7 and 8 were denied pursuant to Exemption 3 and Exemption (b)(7)(A) as explained in the September 14, 2022 appeal letter. Id.

4. On September 22, 2022, Plaintiff filed this FOIA lawsuit. Doc. 1. Although the Complaint makes numerous allegations about the *conduct* of an EEOC investigation, the relief it seeks only concerns production of documents under FOIA. Similarly, Counts 2-10 of the Complaint, which correlate with requests 1-9 of the August 9, 2022 FOIA request, are only concerned with production of documents under FOIA.[4] Id.

5. Count 1 of the Complaint seeks a Court order that Defendant failed to respond to Plaintiff's appeal within the applicable time limit. Id.

6. On September 28, 2022, EEOC issued a charge determination and notice of rights which dismissed the underlying charge. Exh. C.

7. On November 2, 2022, the FOIA Division issued a determination on FOIA No. 820-2022-011833 (Items 1 and 5). Exh. D. A search for records responsive to FOIA No. 820-2022-011833 began on August 17, 2022. Exh. A, at ¶ 7.

    a. Items 1(a) and 1(b) were granted and the responsive information was provided

---

[4] By correlate is meant, Count 2 equates with Request 1, Count 3 with Request 2, and so on down to Count 10 equates with Request 9.

to Plaintiff in the November 2, 2022, determination letter.

    b. Item 1(c) was denied pursuant to FOIA Exemption (b)(7)(C).

    c. Item 1(d) was denied pursuant to FOIA Exemption (b)(6).

    d. Item 5 was procedurally denied because no responsive records existed.

8. On November 22, 2022, PDO received another FOIA request from Plaintiff seeking her charge file (FOIA Request No. 540-2023-002274). Exh. A, at ¶ 8; Exh. E.

9. On December 1, 2022, PDO issued a determination letter granting FOIA Request No. 540-2023-002274 and disclosing Plaintiff's charge file subject to the following exemptions. Exh. A, at ¶ 8; Exh. F.

    a. Exemption (b)(3)(A)(i): an internal EEOC email communication was redacted on page 67 of the charge file; and

    b. Exemption (b)(5): four pages of the charge file were redacted including intake notes and a memorandum.

10. No further non-exempt records exist that are responsive to FOIA Request No. 540-2023-002274. Exh. A, at ¶ 9.

### III.  ANALYSIS OF FACTS AND LAW

**A. Counts 2, 3, 4, 5, 6, 7 and 10 are Moot.**

On December 1, 2022, the EEOC served on Plaintiff a response to her November 22, 2022 FOIA request (the request seeking her charge file that was served after the lawsuit commenced). That response included her entire charge file with minor redactions based on exemptions. See, II.9. above. Those exemptions were appropriate.

To the extent any Count of Plaintiff's Complaint is rightly construed to seek her charge file, or portions thereof, those Counts are mooted by the disclosure of the charge file on December 1, 2022. *Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1103 (9th Cir. 2016)("For specific FOIA request claims, after the agency produces all non-exempt documents and the court confirms the agency's proper invocation of an exemption, the specific FOIA claim is moot because the injury has been remedied.") Counts 3, 4, 6, 7,

and 10 all concern documents contained within the charge file.[5] All of those Counts are mooted by the December 1, 2022 disclosure of the charge file.

It is not clear what Count 5 (request 4) alleges was not disclosed by the EEOC. To the extent it is asking EEOC to review her charge file and create a "chain of custody" report that identifies all people who worked on the file, it is an improper FOIA request. To the extent it simply seeks the records which would demonstrate who worked on the file, then Count 5 is also mooted by the December 1, 2022 disclosure of the charge file.

Similarly, on November 2, 2022, the EEOC served on Plaintiff a response to requests 1 and 5 in her original FOIA request. To the extent any Count of her Complaint seeks those documents, or portions thereof, disclosed on November 2, 2022, those Counts are moot. Counts 2 and 6 correspond to requests 1 and 5. Thus, Counts 2 and 6 are mooted by the November 2, 2022 disclosures.

### B. Defendant is Entitled to Judgment on Count 1.

Count 1 seeks a Court declaration that EEOC violated 5 U.S.C. § 552(a)(6)(A)(ii) by allegedly not timely responding to Plaintiff's appeal. The Complaint alleges correctly that the deadline pursuant to the statute was September 14, 2022. Doc. 1 at 4-5. EEOC's determination on Plaintiff's appeal was timely made on that date. Exh. B.

Section (6)(A)(ii) states, "Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection."

The author of the appeal determination letter, Michael Heise, declared under oath that he sent the letter to Plaintiff on September 14, 2022. Exh. A, at ¶ 6. The letter complied with the statute in all respects. Exh. B. Thus, the only evidence on the issue of whether

---

[5] Counts 3, 4, 6, 7, and 10 correspond to Requests 2, 3, 5, 6, and 9.

EEOC made a determination concerning the appeal is that such determination was made timely. The Court should grant judgment on Count 1 because there is no genuine dispute as to material fact, and Defendant is entitled to judgment as a matter of law.

### C. Defendant is Entitled to Judgment on Counts 8 and 9.

Counts 8 and 9, correlating with requests 7 and 8, seek records unrelated to Plaintiff's charge. Here, Plaintiff is a third party seeking confidential charge file information that Title VII prohibits her from having access to. Counts 8 and 9 allege EEOC has a legal obligation pursuant to FOIA to disclose summary data of all discrimination complaints made against her employer, Mayo Clinic, and summary data of how many such complaints were investigated, dismissed, etc. The EEOC rightly identified this request as seeking confidential charge information about Mayo Clinic and denied these requests in its August 10, 2022 letter (Doc. 1-2 at pp. 8-9) stating,

"The Commission is prohibited from confirming or denying the existence of any charge of discrimination filed under Title VII, GINA or the ADA in which you are not a named party. The Commission uses exemption (3)(A)(i) to deny access to Title VII, GINA and ADA charge files when the requester is not a party to the charge. Exemption 7(C) of FOIA permits the agency to withhold information compiled in investigative files where disclosure of such information could result in an unwarranted invasion of personal privacy." The letter further identifies Title VII Section 706(b)[6], noting that section's prohibition against the Commission making any part of a charge file public. Doc. 1-2 at 10.

Section 552(b)(3)(A)(i) states, "This section does not apply to matters that are specifically exempted from disclosure by statute…, if that statute requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue."

Section (b)(7)(C) states, "This section does not apply to matters that are records or information compiled for law enforcement purposes, but only to the extent that the

---

[6] Codified as 42 U.S.C. § 2000e-5.

production of such law enforcement records or information…(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy."

Section 706(b) reads in part, "Charges shall not be made public by the Commission…. Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned."

Defendant should be granted judgment as to Counts 8 and 9 because it was under no legal obligation to provide documents responsive to requests 7 and 8, to the extent that any may exist (the EEOC may not confirm or deny the existence of charges to the public as explained above). On the contrary, Plaintiff's request for summary evidence of other charges against Mayo Clinic asked the EEOC to violate Title VII Section 706(b).[7]

### IV.   CONCLUSION

For the reasons explained herein, Defendant is entitled to judgment on Plaintiff's Complaint as a matter of law. There is no genuine dispute of material fact as to Count 1; Counts 2, 3, 4, 5, 6, 7, and 10 are moot. And, EEOC is prohibited by law from disclosing any records (if they exist) demanded by Counts 8 and 9.

Respectfully submitted on March 22, 2023.

          GARY M. RESTAINO
          United States Attorney
          District of Arizona

          *s/Brock Heathcotte*
          BROCK HEATHCOTTE
          Assistant U.S. Attorney
          *Attorneys for Defendant*

---

[7] Commission employees face criminal penalties for violating Title VII's confidentiality requirements. 42 USC 2000e-8(e) (Section 709) provides that, "Any officer or employee of the Commission who shall make public in any manner whatever any information in violation of this subsection shall be guilty of a misdemeanor and upon conviction thereof, shall be fined not more than $1,000, or imprisoned not more than one year." EEOC takes Title VII confidentiality very seriously. Title VII of the Civil Rights Act of 1964 | U.S. Equal Employment Opportunity Commission (eeoc.gov).

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and mailed a copy by U.S. Mail of the same to the following individual, who is not registered in the CM/ECF System:

Mally Gage
4110 W. Eva Street
Phoenix, AZ, 85051
Tel: (520) 979~4566
mallygage@gmail.com

*s/Allison Tambs*
United States Attorney's Office