GARY M. RESTAINO
United States Attorney
District of Arizona
BROCK HEATHCOTTE
Assistant U.S. Attorney
Arizona State Bar No. 014466
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Fax: (602) 514-7693
Email: Brock.Heathcotte@usdoj.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mally Gage,<br><br>                Plaintiff,<br>v.<br><br>Equal Employment Opportunity Commission,<br><br>                Defendant. | Case No.: 2:22-CV-01609-SMB<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

It is apparent from Plaintiff's Response (Doc. 28) that she continues to believe she is entitled to a substantive review by this Court of whether Defendant EEOC performed an investigation in a manner consistent with what Plaintiff believes should have been done. However, if Plaintiff believes EEOC actions undertaken in response to her charge against Mayo Clinic were improper or insufficient, her remedy is to sue her employer, not to sue EEOC.

Virtually every circuit has held that there is no cause of action to challenge the EEOC's charge handling function. *See, e.g.*, *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) ("We . . . join our sister circuits in holding that Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge."); *Ward v. E.E.O.C.*, 719 F.2d 311, 312 (9th Cir. 1983)("Congress neither expressly nor impliedly provided for an action against the EEOC for negligence, and the EEOC's nonfeasance is not reviewable under the Administrative Procedure Act. 5 U.S.C. § 704.")

Even in cases of EEOC misfeasance during its administrative process, an aggrieved person can obtain all the relief to which she is entitled through a *de novo* suit against the allegedly discriminatory *employer*, not the EEOC. See 42 U.S.C. § 2000e-5(f)(1); *see also Occidental Life Ins. Co. of California v. E.E.O.C.*, 432 U.S. 355, 365–66 (1977) ("The retention of the private right of action . . . allow the person aggrieved to elect to pursue his or her own remedy . . . where there is agency inaction, dalliance or dismissal of the charge, or unsatisfactory resolution.")(internal citations omitted). As a result, even assuming the Court has jurisdiction over any claims against the EEOC, they fail on the merits as a matter of law.

This is a lawsuit filed under the Freedom of Information Act which concerns only the disclosure by the EEOC of documents properly requested by Plaintiff. Plaintiff did not cite any jurisdictional basis for this Court to allow discovery regarding the manner in which the EEOC performed its charge opening, investigation, or closing. Defendant respectfully asks the Court to decline Plaintiff's demand that the Court allow such discovery.

## I.   DECLARATION OF MALLY GAGE AND COUNT 1

Plaintiff appended a two-page declaration to her Response. Doc. 28-2 at 92-93. In the declaration, she states that she did not receive two letters from the EEOC dated 9/14/22 and 8/25/22. Whether she received those two letters is not relevant to any issue in this FOIA lawsuit.

The author of the appeal determination letter, Michael Heise, declared under oath that he sent the appeal response letter to Plaintiff on September 14, 2022. See Doc. 25-1 at 3. The letter complied with the statute in all respects. Id. at 6. Thus, the only relevant evidence on the issue of whether EEOC made a determination concerning the appeal is that such determination was made timely. The Court should grant judgment on Count 1 because there is no genuine dispute as to material fact, and Defendant is entitled to judgment as a matter of law.

**II.   COUNTS 8 AND 9**

Plaintiff did not respond to Defendant's argument that the Mayo Clinic documents are exempt from disclosure under Section 552(b)(3)(A)(i) and Title VII Section 706(b).

Plaintiff did contend that her FOIA requests seeking prior charges by other people against her employer, Mayo Clinic, should be allowed because there is no invasion of personal privacy involved (Exemption 7(C)) and because it is information that sheds light on EEOC's performance of its statutory duties. For these two contentions, Plaintiff cited two cases, *FCC v. AT & T Inc.,* 562 U.S. 397 (2011)("Corporations do not have "personal privacy" for the purposes of Exemption 7(C).") and *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749 (1989)("Official information that sheds light on an agency's performance of its statutory duties falls squarely within [FOIA's] statutory purpose.").  Neither of these cases support Plaintiff's cause.[1]

In *FCC v. AT & T*, CompTel, a trade association representing some of AT & T's competitors sought FOIA disclosure by the FCC of records from an enforcement action by the FCC Enforcement Bureau against AT & T.  Citing exemption 7(C), FCC exempted all documents from FOIA disclosure that contained information about individuals, concluding that they had privacy rights protected by the exemption. However, FCC concluded that exemption 7(C) did not apply to the corporate entity AT & T. *FCC v. AT & T* is about whether the FCC should exempt documents based on 7(C) that did not contain personal information about individuals but did contain sensitive information about AT & T. This was a case involving one enforcement action and the documents from that file.  The Supreme Court agreed with FCC that exemption 7(C) did not apply to the corporate entity.

In *US DOJ v. RCFP*, the Supreme Court found that the FBI was not required to disclose its "rap sheet" on an individual private citizen because of the privacy interest in exemption 7(C). The court balanced the interest of the citizen in privacy and the interest

---

[1] Plaintiff did not give the citations for these cases but it is assumed she intended to cite the Supreme Court of the United States decisions.

- 3 -

of the public in disclosure and ruled the "rap sheet" exempt from FOIA disclosure.

To the extent Plaintiff argues that she did not request any documents from charge files—she only requested EEOC manufactured statistical evidence of charges against Mayo Clinic—that EEOC does not maintain the statistical record she seeks (Gage asked for "Number of religious discrimination complaints submitted to the EEOC District Office—540 against Mayo Clinic since January 1, 2021" and the number of such complaints that were not acted upon by EEOC.)

### III.     ALLEGEDLY MISSING RECORDS FROM THE FILE

Plaintiff repeatedly claims that her charge was never "opened." It's not clear what she is trying to state because the charge was clearly opened and the file included: (1) An April 4, 2022 email in which Gage sent a "final amended charge" (Doc. 28-1, p. 81/176); (2) An April 5, 2022 Notice of Charge of Discrimination that is addressed to the Legal Counsel for Mayo Clinic (Doc. 28-1 p. 71/176); and (3) an April 5, 2022 email from Patricia Miner to Ms. Gage stating that the office received the charge, that notice would be sent to the employer, and intake interview (Doc. 28-1, p. 89/176). These are the documents which, along with the fact of the existence of a charge file, indicate a charge has been "opened." How the EEOC handles any charge investigation or actions is within its discretion. An individual who is displeased with the processing of their charge has the right to file suit against their employer, not against the EEOC.

Plaintiff further alleges that documents are missing from the charge file that was disclosed, and she lists the kind of documents she believes should be in the file. Response at 5-7. Plaintiff's complaints in her Response stem primarily from the fact that the emails, in which she complained about the EEOC people who were processing her charge file, were not contained within the charge file. Below are EEOC's responses to the specific allegations in the Response that documents were missing from the disclosed charge file.

1.     Plaintiff's allegation: "Investigator Liebman references in her emails that she filed paperwork for a NRTS on 6/17/2022. Those filings/documentation are missing from

the file."

EEOC response: A NRTS was issued on 9/28/2022 and was provided in the charge file (Doc. 28-1 p. 14/176). Ms. Liebman notes in a 6/17/22 email that she made the recommendation for a NRTS to be issued (Doc. 28-1, p. 102/176). A 9/28/2022 memorandum recommending the charge for closure was provided in the charge file (Doc. 28-1. P. 70/176).

2. Plaintiff's allegation: "Investigator Liebman references in her emails on 9/8/2022 that her filed NRTS (Notice of Right to Sue) was approved, and there was an active timeline for Gage to respond (Ex A, p 96) but the claimed NRTS approval is missing from the file as well as any NRTS or proof it was delivered to Gage."

EEOC response: A NRTS was issued on 9/28/2022. (Doc. 28-1, p. 14/176). Ms. Gage filed an emergency motion for an injunction to stay EEOC's 9/28/22 NRTS on 10/3/2022 and she alleged that it was issued but wanted the court to stop the clock because she asserted that the NRTS was issued to impede her ability to collect documents and focus on her case, indicating that she received the NRTS.

3. Plaintiff's allegation: "Liebman emailed that she received orders to not respond to Gage (Ex A, p 5) but those orders are missing from the record."

EEOC response: The fact that there was no written record of the "order" suggests that it was a verbal communication. No written record of this exists in the charge file.

4. Plaintiff's allegation: "Out of office" emails were removed from email chains in case file.

EEOC response: No documents were removed from the charge file. The absence of "out of office" emails may have something to do with the fact that they are automatically generated and sent by outlook without retaining a copy in the sender's folders. In any case, Plaintiff clearly has those "out of office" emails. They have nothing to do with the charge file.

5. Plaintiff's allegation: "Ms. Gage filed an EEOC OIG complaint on or around 6/27/22 against Ms. Liebman and was given a reference number of 22CE6119FE. OLC

1  stated that there were no records in response to her request for OIG complaints."

2      EEOC response: These documents were not part of the charge file.

3      6. Plaintiff's allegation: Gage filed a complaint with Supervisor Miner
4  regarding Liebman, this complaint is missing from the file (Ex. D).

5      EEOC response: Ms. Gage sent an email to Patricia Miner asking how to file a
6  complaint due to her dissatisfaction with the conduct of Ms. Liebman. (Doc. 28-2, Ex. D).
7  Usually, a complaint about an investigator would not be part of the charge file, and these
8  were not.

9      7. Plaintiff's allegation: Gage filed a religious discrimination complaint against
10 the EEOC regarding the handling of her case that Miner engaged with her over email about.
11 These emails were not in the case file.

12     EEOC response: Ms. Gage received documents in response to a FOIA request
13 seeking documents re Charge No. 540-2022-02629 involving the Mayo clinic. (FOIA
14 Request No. 540-2023-002274). Any documents not related to this charge are not
15 responsive to this request.

16     8. Plaintiff's allegation: No proof that the charge was sent to the employer was
17 included in the case file, nor any responses from the employer.

18     EEOC response: An April 5, 2022 Notice of Charge of Discrimination that is
19 addressed to the Legal Counsel for Mayo Clinic is included in the charge file (Doc. 28-1
20 p. 71/176). The charge file contained no documents from the employer.

21     Plaintiff's chief complaint is that her charge was not investigated to her satisfaction.
22 She believes this constitutes negligent failure on the part of EEOC for which she is entitled
23 to sue the EEOC.  An individual, such as Ms. Gage, has the right to file a charge and to
24 receive a Notice of Right to Sue (NRTS) from the agency. The agency determines how to
25 best allocate its limited resources to the thousands of charges filed annually.

Respectfully submitted on May 8, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> *s/Brock Heathcotte*
> BROCK HEATHCOTTE
> Assistant U.S. Attorney
> *Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and mailed a copy by U.S. Mail of the same to the following individual, who is not registered in the CM/ECF System:

Mally Gage
4110 W. Eva Street
Phoenix, AZ, 85051
Tel: (520) 979~4566
mallygage@gmail.com


*s/Allison Tambs*
United States Attorney's Office